**BEAR CREEK COUNCIL; Alliance for the Wild Rockies; Native Ecosystems Council, Plaintiffs—Appellants,**

**v.**

**Rebecca HEATH, Forest Supervisor; Abigail Kimbell, Regional Forester; United States Forest Service; U.S. Fish and Wildlife Service, Defendants—Appellees.**

**No. 05–35486.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Nov. 3, 2005.

Timothy M. Bechtold, Esq., Rossbach Hart Bechtold, PC, Missoula, MT, for Plaintiffs–Appellants.

Todd S. Aagaard, Esq., Michael T. Gray, Esq., Jennifer L. Scheller, Esq., DOJ—U.S. Department of Justice Environment & Natural Resources Division, Washington, DC, Jeffrey S. Dillen, Esq., U.S. Department of Justice Land and Natural Resources Division, Washington, DC, for Defendants–Appellees.

Before: B. FLETCHER and MCKEOWN, Circuit Judges, and KING,* Senior Judge.

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM **

In *Native Ecosystems Council v. Dombeck*, 304 F.3d 886, 896, 901–02 (9th Cir. 2002), the Ninth Circuit affirmed the challenged timber sale on all counts except for two specific deficiencies:

(1) analyze "what, if any, environmental impacts the Darroch–Eagle road density amendment might have in combination with the contemplated road density amendments in the other Gallatin II sales" and

(2) "provide support for its choice of analysis area" used "to address the effects of the Darroch–Eagle timber sale on the grizzly bears[.]"

On remand, the Forest Service undertook to comply with the Ninth Circuit's instructions by analyzing the cumulative impacts of the road density amendments and by expanding and providing support for the grizzly bear analysis area.

Bear Creek Council does not challenge the Forest Service's cumulative impacts analysis of the road density amendments; nor does it challenge the expanded area or the Forest Service's conclusions regarding the analysis of this area.[1] Rather, Bear Creek Council launches several general attacks that do not address the issue of whether the Forest Service's decisions were arbitrary and capricious.

■ Bear Creek Council's generic claims against the timber sale were either brought or could have been brought in *Native Ecosystems Council v. Dombeck.*

---

1. We note that, because of the reasons for remand, the prior panel did not address the consultation issue relating to the grizzly bears. *Native Ecosystems Council v. Dombeck*, 304 F.3d at 903 n. 5. Bear Creek Council did not pursue this issue in the present appeal.

These claims include Bear Creek Council's assertions that (1) the Forest Plan and § 7 of the Endangered Species Act each require that the timber sale must benefit the grizzly, (2) that an environmental impact statement is required for this timber sale,[2] (3) that the Forest Service's accounting methodology is arbitrary and capricious, (4) that the Forest Service's old-growth calculations are arbitrary and capricious, and (5) that the site-specific amendments to the Forest Plan are significant. These claims are precluded by res judicata. *See W. Radio Servs. Co., Inc. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997).

■ Finally, we reject Bear Creek Council's claim that the R–Y Timber contract fatally flawed the Forest Service's analysis on remand. The Forest Service met its obligation of considering and detailing a reasonable range of alternatives, *see Headwaters, Inc. v. Bureau of Land Management,* 914 F.2d 1174, 1180–81 (9th Cir.1990), including alternatives that contemplated cancellation and modification of the existing R–Y contract. Nor does the record support a claim of bias by the Forest Service.

AFFIRMED

---

**2.** We note that in the present appeal Bear Creek Council did not challenge as arbitrary and capricious the Forest Service's conclusion of no significant impact, which was based in part on the cumulative impacts and expanded area analysis.

